UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Plaintiff,

v.

CHRISTINE D. KEYSER and
CHRISTINA M. BALL,

        Defendants.

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S COMPLAINT IN INTERPLEADER

Plaintiff The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

### PARTIES

1.    Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.

2.    Upon information and belief, Defendant Christine D. Keyser ("Keyser") is an adult resident and citizen of Duval County, Florida.

3.    Upon information and belief, Defendant Christina M. Ball ("Christina Ball") is an adult resident and citizen of Canadian County, Oklahoma.

### JURISDICTION AND VENUE

4.    This court has jurisdiction under 29 U.S.C §§ 1132(e) and (f) which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary. The group life

insurance coverage at issue in this action is provided pursuant to an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C § 1331 which gives the District Court jurisdiction over actions that arise under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002 (21)(A)(iii).

5. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of Florida and Oklahoma.

6. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

7. Prudential issued Group Life Insurance Plan Number G-52844 (the "Plan"), an ERISA-regulated employee welfare benefits plan, to Leidos, Inc., which offered group life insurance benefits to its employees.[1] *A copy of the Plan booklet is attached hereto as **Exhibits A and B***.

8. Through his employment, William W. Ball (the "Insured") was eligible for coverage under the Plan.

---

[1] The Plan issued to Leidos, Inc., was converted from a Plan issued to Lockheed Martin, Inc., in connection with a merger transaction between the two companies in 2018.

9. On or about December 30, 2017, the Insured elected Group Universal Life Coverage under the Plan. He designated Christina Ball as the beneficiary of this coverage. *A copy of benefit history screenshots pertaining to the Insured's coverages, as provided by Leidos to Prudential, is attached hereto as* **Exhibit C.**

10. On or about January 1, 2018, the Insured elected Basic Employee and Dependents Term Life Coverage and designated Christina Ball as the beneficiary of this coverage. *See id.*

11. On or about January 1, 2019, the Insured elected to drop his Basic Employee and Dependents Term Life Coverage and instead elected Basic Employee only Term Life Coverage. When the Insured made this election, he did not designate a beneficiary of the Basic Employee only Term Life Coverage. *See id.*

12. On March 10, 2019, the Insured died. *A copy of the Insured's Certificate of Death is attached hereto as* **Exhibit D**.

13. Following the death of the Insured, a Basic Employee Term Life death benefit in the amount of $86,000 and a Group Universal Life death benefit in the amount of $86,000, plus a side fund in the amount of $3,302.06, became due, for a total of $175,302.06 (the "Death Benefit") due under the Group Plan.

14. At the time of his death, the Insured was married to Christina Ball. *See* **Exhibit D**.

15. At the time of the Insured's death, Christina Ball was the designated beneficiary of the Group Universal Life Coverage. *See* **Exhibit B**.

16. As to the Basic Employee Term Life Coverage, to the extent the designation of Christina Ball carried over when the Insured changed coverage from Basic Employee and

Dependents Term Life Coverage to Basic Employee only Term Life Coverage, Christina Ball was the designated beneficiary of the Basic Employee Term Life Coverage (*see* **Exhibit B**); and to the extent that designation did not carry over, Christina Ball would still be the beneficiary of record by operation of the terms of the Plan, which provide that where there is no beneficiary designated, benefits are payable to the Insured's surviving spouse. *See* **Exhibit A** at p. 30.

17. By Group Claim Form for Survivor Benefits, dated April 3, 2019, Keyser, former wife of the Insured, filed a claim for the Death Benefit. *The Group Claim Form for Survivor Benefits dated April 3, 2019 is attached hereto as* **Exhibit E**.

18. In support of her claim, Keyser (formerly Christine K. Ball) sent numerous letters to Prudential through her counsel arguing, among other things, that pursuant to the terms of a Final Judgment of Dissolution of Marriage a life insurance policy was to be kept in place for the benefit of Keyser but "due to an irregularity whereby that policy was possibly terminated through Mr. Ball's action or inaction" and requesting that the Death Benefit be frozen because Keyser asserts a constructive lien/trust against/over the Death Benefit. *A copy of the referenced letters dated April 12, 2019, May 23, 2019,* and *June 19, 2019 is attached hereto as composite* **Exhibit F**.

19. Prudential responded to Keyser's counsel's letters, ultimately advising that it was required to make payment pursuant to the Plan's beneficiary designation in effect at the time of the Insured's death and that it would pay the beneficiary unless restrained. *A copy of the referenced letters dated May 9, 2019, June 5, 2019 and June 24, 2019 is attached hereto as composite* **Exhibit G.**

20. Christina Ball has contacted Prudential with regard to payment of the Death Benefit but has not yet submitted the requested claim form.

21. On July 24, 2019, Keyser filed suit against Prudential in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida in a matter styled: *Christine D. Keyser v. The Prudential Insurance Company of American, et al.*, Case No. 2019-CA-005257, seeking, among other things, an injunction enjoining Prudential from distribution the Death Benefit. Keyser agreed to voluntarily dismiss this suit without prejudice for the purpose of Prudential filing an Interpleader Complaint in this Court, where jurisdiction can be obtained over all Defendants.

22. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of Christina Ball and Keyser (the "Adverse Claimants"), Prudential is or may be exposed to multiple liability and/or litigation.

23. Prudential is ready, willing, and able to pay the Death Benefit in accordance with the terms of the Plan and/or as this Court directs.

24. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom said benefits should be paid.

25. Prudential accordingly will deposit with the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court, or pursuant to an Order of the Court, will pay the Death Benefit directly to whomever this Court determines to be entitled to the proceeds.

26. There is no fraud or collusion between Prudential and any of the other parties. Prudential brings this Petition in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

WHEREFORE, Prudential prays that the Court enter judgment:

(a) requiring the Adverse Claimants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b) requiring the Adverse Claimants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(c) permitting Prudential to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(d) dismissing Prudential from this action and discharging Prudential from any and all further liability to the Adverse Claimants that relates in any way to the Insured's coverage under the Plan and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e) enjoining the Adverse Claimants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefit or otherwise in connection with the Insured's coverage under the Plan;

(f) awarding Prudential its attorneys' fees and costs in their entirety; and

(g) awarding Prudential any other and further relief that this Court deems just and proper.

Dated: September 25th, 2019

Respectfully Submitted,

By: _____
Stevie E. Baker, Esquire

FBN: 0146056
Winifred H. Quinlan, Esquire
FBN: 0062448
Michelle L. Bedoya, Esquire
FBN: 0121468
Quintairos, Prieto, Wood & Boyer, P.A.
255 S. Orange Ave., Suite 900
Orlando, Florida 32801
Tel: 407-872-6011
Fax: 407-872-6012
sbaker.pleadings@qpwblaw.com
winifred.quinlan@qpwblaw.com
michelle.bedoya@qpwblaw.com
*Counsel for Defendant The Prudential Insurance Company of America*